```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF NEW YORK
 2

 3   ----------------------------------X
                                       :
 4   LYDIA ALEXANDRA COURI,             : 12-CV-2220
                                       :
 5                 Plaintiff,           :
                                       :
 6            v.                        : 500 Pearl Street
                                       : New York, New York
 7   McLAUGHLIN & STERN, et al.,        :
                                       :
 8                                      : February 6, 2013
                 Defendants.            :
 9   ----------------------------------X

10     TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONIC DISCOVERY DISPUTES
                    BEFORE THE HONORABLE FRANK MAAS
11                   UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Plaintiff:         MAX FOLKENFLIK, ESQ.
                                Folkenflik & McGerity
14                              1500 Broadway
                                21st Floor
15                              New York, New York 10036

16

17   For the Defendants:        MATTHEW DAVID KOHEL, ESQ.
                                Cozen O'Connor
18                              45 Broadway
                                New York, New York 10006
19

20

21
     Court Transcriber:         SHARI RIEMER
22                              TypeWrite Word Processing Service
                                211 N. Milton Road
23                              Saratoga Springs, NY 12866

24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

1 　　　　　THE CLERK:  This is the judge's law clerk.  This is a
2 telephone conference in the matter of <u>Couri v. McLaughlin &</u>
3 <u>Stern</u>.  The conference is being recorded.
4 　　　　　Counsel, please state your names for the record.
5 　　　　　MR. FOLKENFLIK:  Max Folkenflik, counsel for
6 plaintiff.
7 　　　　　MR. KOHEL:   Matthew Kohel, Cozen O'Connor for the
8 defendants.
9 　　　　　THE COURT:  Good morning, Counsel.  I gather fact
10 discovery is completed.  What expert discovery is there going
11 to be in this case?
12 　　　　　MR. FOLKENFLIK:  Your Honor, the plaintiff [inaudible]
13 expert on damages but I don't know that we will [inaudible] lot
14 depends on what [inaudible] admissible and we may wish to have
15 a conference [inaudible] as to whether [inaudible] allow an
16 expert [inaudible] to do [inaudible].
17 　　　　　THE COURT:  You sound like you're under water, Mr.
18 Folkenflik.  Are you calling from a land line?
19 　　　　　MR. FOLKENFLIK:  No, I'm on a cell phone.  Let me try
20 and fix that, Your Honor.
21 　　　　　　　　　　　[Pause in proceedings.]
22 　　　　　MR. FOLKENFLIK:  Is this better, Your Honor?
23 　　　　　THE COURT:  It's much better.  My individual rules by
24 the way say you can't participate in a conference call on a
25 cell phone for that very reason.  Why don't you repeat what you

3

1 just said before?

2       MR. FOLKENFLIK: I apologize, Your Honor. I'm in Los
3 Angeles, and that's why [inaudible] this way but I could
4 always.

5       Now, what I said was we anticipate having a damage
6 expert but I do not believe -- I do not know whether Judge
7 Griesa would consider an expert with respect to the duties of
8 the trustee to intrude upon the right of the court to interpret
9 the law or whether the court would find that helpful.

10       THE COURT: It's his call but my guess is he probably
11 would preclude that. Do I recall correctly that he has some
12 motions pending before him in this case or am I confusing it
13 with another case?

14       MR. FOLKENFLIK: Yes, there is a -- Mr. Kohel made a
15 motion for sanctions claiming that because Mr. Robbins denies
16 having considered Mr. Couri a substantial [inaudible] I should
17 be sanctioned for having pleaded that.

18       THE COURT: But there's no substantive motions
19 pending; correct?

20       MR. FOLKENFLIK: [Inaudible], Your Honor, and I did
21 want to raise that later in the conference.

22       THE COURT: Well, that's where I'd like to go next.
23 It seems to me before you get to a damages expert the case is
24 probably now ripe for whatever dispositive motions anybody
25 wishes to make.

1         MR. FOLKENFLIK: I think so, Your Honor.  We were
2    considering that.  We still have several weeks before the
3    cutoff of all fact discovery but other than whatever discovery
4    might occur in that interim which is a period of weeks and Mr.
5    Kohel and I will discuss whether we need to for scheduling
6    purposes have a very modest extension.  I think the case is
7    ripe for summary adjudication.
8         What I was going to propose is that the court defer
9    any expert witness testimony until after those motions are
10   decided.  Mr. Kohel has said he'll make a cross motion.  I
11   intend to make a motion and Mr. Kohel had told me that he can
12   express his opinion, that he did not see the need to delay the
13   conclusion of expert discovery.  I think it might be a more
14   efficient use of money to delay it and [inaudible] setting the
15   case up for a settlement conference once those motions have
16   been decided.  That would resolve the case without the need for
17   expert testimony in a trial.
18        THE COURT: Mr. Kohel.
19        MR. KOHEL: I just objected because the defendants
20   plan to serve reports for damages and liability experts in this
21   matter and we've been trying to move this case forward.  We
22   already had several extensions and we just wanted to get the
23   case -- get everything done as soon as possible.  I don't see
24   the need to further push back dates.
25        THE COURT: Well, I guess there's a number of possible

1  ways to proceed.  I don't think it makes any sense for a
2  damages expert to be retained because you can correct me if I'm
3  wrong, you're not going to be moving for partial summary
4  judgment.  You're going to be moving for complete summary
5  judgment and if you prevail there's no need for a damages
6  expert.  Do I have that part right?
7         MR. KOHEL: Correct.
8         THE COURT: In terms of a liability expert, I would be
9  astonished if Judge Griesa allowed somebody to tell him what
10 the law is in the area or how the facts apply to the law or
11 potentially tell a jury that at some point.  It seems to me he
12 would view that as his prerogative.
13        So I think what I will do is simply rule that a
14 liability expert as to the duties of the trustee may not be
15 proffered.  We'll come up with a schedule for summary judgment
16 motions.  Mr. Folkenflik then if he wants as part of that can
17 say there should have been a liability expert and Judge Griesa
18 at that juncture can either agree or not.  Does that make
19 sense?
20        MR. FOLKENFLIK: Your Honor, I agree with Your Honor.
21 I don't believe Judge Griesa will allow such an expert and
22 perhaps we could have a conference with him to clarify that
23 issue after Your Honor's ruling where Mr. Kohel can file Rule
24 72 objections to the ruling.
25        THE COURT: Mr. Kohel.

1       MR. KOHEL: I'm sorry.

2       THE COURT: What's your position on that?

3       MR. KOHEL: That's fine.  I mean I'm open to having a
4  conference with Judge Griesa if that would be the most
5  efficient way to get his ruling on that issue of a liability
6  expert.

7       THE COURT: I'm not to be candid a hundred percent
8  sure that that's in my daily [inaudible].  It may be that it is
9  but I'm going to just for administrative convenience rule that
10 there cannot be a liability expert.  That would then kick in
11 the time period to object to that ruling and you can write to
12 Judge Griesa, whoever wishes to, and say we object to that
13 ruling and bring it before him that way.

14      But why don't we talk about a schedule for summary
15 judgment in the meantime.  To allow some of that to be dealt
16 with fact discovery ends the end of -- well, I think it's
17 February 22nd; right?

18      MR. FOLKENFLIK: Correct.

19      MR. KOHEL: That's correct, Your Honor.

20      THE COURT: I'm mindful of the fact that you'll want
21 to get in front of Judge Griesa.  Suppose I say April 5th for
22 motions.

23      MR. FOLKENFLIK:  April 5th?  That's fine, Your Honor.

24      MR. KOHEL: For motions to be made or returnable on
25 that date?

1  THE COURT: To be made.
2  MR. KOHEL: Okay.
3  THE COURT: April 26th for opposition papers and May 3rd
4  for reply papers.
5  MR. FOLKENFLIK: That would be fine, Your Honor.
6  MR. KOHEL: I have no issue with that.
7  THE COURT: Anything else we should take up today?
8  MR. FOLKENFLIK: No. I think we're fine, Your Honor.
9  THE COURT: Good. Thank you all.
10  MR. FOLKENFLIK: Thank you, Your Honor.
11                          * * * * *

1    I certify that the foregoing is a court transcript from an
2 electronic sound recording of the proceedings in the above-
3 entitled matter.
4
5                                    _____
6                                              Shari Riemer
7 Dated:   February 13, 2013