UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
LYDIA ALEXANDRA COURI

        Plaintiff,

vs.

McLAUGHLIN & STERN, LLP, and
JON PAUL ROBBINS, ESQ.,

        Defendants.
-----------------------------------------------------------x

12-CV-2220 (TPG)(FM)

**DECLARATION OF PATRICK B. SARDINO IN SUPPORT OF THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

**PATRICK B. SARDINO, ESQ.**, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. I am a Member of the law firm of Cozen O'Connor, attorneys for defendants McLaughlin & Stern, LLP and Jon Paul Robbins, Esq. (the "defendants"). I am familiar with the facts stated below. I submit this Declaration in support of defendants' motion, made pursuant to Fed. R. Civ. P. 56, for summary judgment dismissing the complaint in its entirety.

2. The complaint purports to plead three causes of action: (1) alleged breach of fiduciary duty by Mr. Robbins in the administration of the Lydia Alexandra Couri 1989 Trust (the "Trust"), with the alleged active participation of McLaughlin & Stern,; (2) aiding and abetting by McLaughlin & Stern of the alleged breach of fiduciary duties by Mr. Robbins,; and (3) a demand for an accounting with respect to the Trust.

3. A copy of plaintiff's complaint in attached hereto as **Exhibit "A"**.

4. A copy of defendants' answer to the complaint is attached hereto as **Exhibit "B"**.

LEGAL\18461130\1

5. Annexed hereto as **Exhibit "C"** is the deposition transcript of defendant Jon Paul Robbins, Esq. that has not been marked Confidential and which is cited in support of the defendants' motion for summary judgment.

6. Annexed hereto as **Exhibit "D"** is the deposition transcript of plaintiff Lydia Alexandra Couri which is cited in support of the defendants' motion for summary judgment.

7. Annexed hereto as **Exhibit "E"** is the deposition transcript of Robert Modansky which is cited in support of the defendants' motion for summary judgment.[1]

8. Annexed hereto as **Exhibit "F"** is the deposition transcript of Geoffry Handler, Esq. which is cited in support of the defendants' motion for summary judgment.

9. Annexed hereto as **Exhibit "G"** is the deposition transcript of Peter Alkalay, Esq. which is cited in support of the defendants' motion for summary judgment.

10. Annexed hereto as **Exhibit "H"** are the Defendants' Responses to Plaintiff's First Set of Interrogatories.

11. Annexed hereto as **Exhibit "I"** are the Defendants' Third Supplemental Responses to Plaintiff's First Set of Interrogatories.

12. Annexed hereto as **Exhibit "J"** is the Plaintiff's Response to the Defendants' Rule 72 Objections to Exclusion Of An Expert's Testimony On A Trustee's Fiduciary Duty.

13. Annexed hereto as **Exhibit "K"** is a true and accurate copy of the Valuation Report of the Fair Market Value of the Common Stock of Couri Acquisition Corporation.

14. Subsequent to the close of discovery, James Couri, plaintiff's father, sent to counsel for all parties in this case certain documents which show that James Couri, his wife

---

[1] The Confidential portions of Modansky's deposition transcript have been redacted. A complete, unredacted version of the transcript will be hand delivered to the Court's chambers.

Marlene Couri, and plaintiff had a warm, stable and loving family unit during the time period that is relevant in this action. Annexed collectively hereto as **Exhibit "L"** are the following:

 a. A 1986 Merry Christmas card from plaintiff to her father;

 b. A 1989 Christmas card from plaintiff to Marlene Couri, whom plaintiff refers to as "mom", which thanks Marlene Couri for all that she has done for plaintiff;

 c. A March 5, 1990 Happy Anniversary card from plaintiff to James and Marlene Couri which expresses her love for both of them;

 d. A 1990 handwritten note with drawings of plaintiff to James and Marlene Couri asking that they come to a Christmas party;

 e. A Happy Easter card from plaintiff to her father dated 1991 wherein plaintiff expresses her happiness at spending time with her father;

 f. A May 13, 1991 poem entitled "Love" written by plaintiff to Marlene Couri which shows a deep and abiding love and friendship between plaintiff and Marlene Couri.

 g. A June 16, 1991 Happy Father's Day card from plaintiff to James Couri wherein she expresses her appreciation for all of the things her father has done for her;

 h. A letter written by plaintiff to Marlene Couri on December 23, 1991. The letter demonstrates the strong bond of love and devotion that was developed between plaintiff and Marlene Couri during the relevant period.

i.  An undated typewritten letter from plaintiff to her father expressing her appreciation for James Couri's taking care of her along with a Greenwich Academy Certificate of Honor Roll of the plaintiff dated 1991-1992;

j.  A 1992 Easter card from plaintiff to her father;

k.  An August 3, 1992 handwritten note to James Couri and Marlene Couri;

l.  A February 16, 1994 "Get Well Card" sent to James Couri by plaintiff who demonstrates the deep level of affection and devotion existing in their relationship during the time period referenced in plaintiff's complaint;

m.  A June 16, 1997 Father's Day card from plaintiff to James Couri;

n.  A December 21, 1997 Christmas card from plaintiff to James Couri wherein plaintiff expresses her deep love for her father;

o.  A May 2007 Mother's Day card from plaintiff to Marlene Couri wherein plaintiff expresses her love and affection for Marlene Couri and the "wonderful support" she provided plaintiff in her life;

p.  A May 10, 2009 Mother's Day card from plaintiff to Marlene Couri wherein plaintiff demonstrates the love and appreciation for Marlene for the support, "open heart" and "available ear" that Marlene showed plaintiff;

15. Annexed hereto as **Exhibit "M"** is a true and accurate copy of a Letter Agreement dated June 11, 2002 among James Couri, plaintiff, and the Trustee of the Lydia Alexandra Couri 1998 Trust and the Trustee of the Marlene Couri 1999 Trust. This document

signifies plaintiff's agreement and consent that certain art work was transferred to the Marlene Couri 1999 Trust, except that it is acknowledged that two specific works belong to plaintiff.

16. Annexed hereto as **Exhibit "N"** are letters and notes from Buck's Rock Camp from 1991 and 1992 where plaintiff went to camp during the summer. These notes demonstrate the importance to the health, education and welfare of plaintiff that this camp offered her and plaintiff's appreciation for being able to attend.

17. Annexed hereto as **Exhibit "O"** is a true and accurate copy of an affidavit prepared by James Couri, dated February 15, 2010, that was signed by the plaintiff and marked as Exhibit "8" to her deposition.

18. As shown in the accompanying statement of material facts and memorandum of law, Mr. Robbins properly administered the Trust and that, contrary to the allegations of the Complaint, there is absolutely no evidence that any of the defendants' actions were wrongful, wanton, willful, or were performed with criminal indifference to their civil responsibilities. In fact, all of the evidence demonstrates defendants acted in accordance with their fiduciary obligation. Accordingly, all causes of action included in plaintiff's complaint should be dismissed as a matter of law.

**WHEREFORE**, based on the foregoing, defendants respectfully request an Order of this Court dismissing plaintiff's complaint in its entirety and for such other and further relief as the Court deems just and proper.

Dated: New York, NY
      March 13, 2014

**COZEN O'CONNOR**

By: /s/ Patrick B. Sardino

Patrick B. Sardino, Esq.
*Attorneys for Defendants*
45 Broadway, 16th Floor
New York, NY 10006
(212) 509-9400 (tel.)
(212) 509-9492 (fax.)

LEGAL\18461130\1